Argued January 7, decided January 13, 1914.

## VAUGHAN v. CANBY CANAL CO.

(137 Pac. 784)

**Judgment—Cancellation—Satisfaction by Execution.**

Under Section 241, subdivision 3, L. O. L., providing that on the return of an execution, the sheriff shall pay the proceeds to the clerk, who shall apply them in satisfaction of the judgment, where the judgment creditor at execution sale has bid a sum equal to the judgment, with the accrued interest, costs, and disbursements, the debtor is entitled on motion, in the absence of a showing that the creditor is entitled to be relieved from his bid, to have the judgment canceled.

From Multnomah: HENRY E. McGINN, Judge.

This is a proceeding by R. M. Vaughan against the Canby Canal Company, a corporation, to cancel a judgment against the plaintiff. The facts are set forth in the opinion of the court.          REVERSED.

For appellant there was a brief over the names of *Mr. A. E. Clark* and *Mr. M. H. Clark,* with an oral argument by *Mr. A. E. Clark.*

For respondent there was a brief over the names of *Mr. James L. Hope, Mr. E. B. Seabrook* and *Messrs. Collier & Stott,* with an oral argument by *Mr. Hope.*

Department 2. Statement by MR. JUSTICE McNARY.

The purpose of this proceeding is to procure an order for the cancellation of a judgment. In December, 1910, plaintiff obtained a judgment in the Cir-

cuit Court of Multnomah County against defendant
for $644.80 and costs and disbursements. On March
14, 1911, a transcript of the judgment was docketed
in the office of the county clerk of Clackamas County.
Concurrently in time plaintiff caused an execution to
be issued upon the judgment, and a levy to be made
upon a tract of land owned by defendant in Clackamas
County containing about 27½ acres. As required by
statute, the property was advertised for sale, and sold
under the execution on May 13, 1911. At the sale of
the premises, plaintiff was the successful bidder, hav-
ing offered a sum equal to the amount of his judgment,
costs and disbursements. The sheriff issued to plain-
tiff a certificate of sale, which was by plaintiff recorded
in the records of Clackamas County. The return of
the sheriff recites the history of the transaction, which
was conducted in accordance with the statute. No
motion for or objection to a confirmation of the sale
has ever been filed, and the judgment remains un-
satisfied. On March 14, 1913, the defendant filed a
motion for an order canceling the judgment, support-
ing the application by an affidavit containing a recital
of the proceedings that had been taken. Plaintiff, so
far as the record discloses, made no more than oral
objection to the motion. On the 31st of the month the
motion was by the court overruled.

Counsel for the defendant assumes the position that
the purchase of the property at the execution sale
*ipso facto* operated to extinguish the judgment and
for that reason defendant is entitled to have an order
of cancellation. Subdivision 3 of Section 241, L. O. L.,
in part provides: "Upon the return of the execution,
the sheriff shall pay the proceeds of the sale to the
clerk, who shall then apply the same, or so much
thereof as may be necessary, in satisfaction of the
judgment." By the mandate of this statutory pro-
vision, the clerk is required to apply the proceeds of the

sale to the satisfaction of the judgment. If, however, the successful bidder is the judgment creditor, still the clerk must apply the amount of the bid to the satisfaction of the judgment. Should the purchaser at the execution sale be the judgment creditor, who bid a sum of money equal to the judgment, costs, and disbursements, as in this case, the sum so bid must be applied to the satisfaction of the judgment. A reasonable interpretation of the statute warrants the decision that a judgment becomes extinguished upon the return of the execution showing a bid equal to the judgment, plus accrued interest, costs, and disbursements. If the bid of a judgment creditor is less than the amount due, the sum offered and accepted must be applied *pro tanto* in payment of the judgment. Under certain conditions a judgment creditor or other successful bidder at an execution sale may be relieved from a bid, but nothing appears in this case to suggest such a contingency. The record is nude of any matter that would inspire the court to release plaintiff of the purchase of the property at the execution sale, and therefore it would be working a positive wrong upon defendant to permit plaintiff to sit up supinely and hold his judgment over defendant without a showing that would quicken the court to action. The proceedings sanctioned by statute with reference to the confirmation of the sale relate to the title of the property and cannot be confounded with those agencies that work an extinguishment of the judgment. Defendant shall have an order directing the clerk of Multnomah County to satisfy the judgment.

REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.